Commonwealth *v.* Fennell et al., Appellants.

Submitted March 18, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Michael J. Wherry,* for appellant.

*Joseph J. Nelson,* Assistant District Attorney, and *Edward M. Bell,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellants, after an extradition hearing, were ordered to the care and custody of the sheriff of Mercer County pending the arrival of the authorities from the State of California. It is from the order of extradition that appellants appeal. They raise only one issue for our consideration, having conceded that the Governor's Warrant and the request for extradition are proper, and that they did walk away from the San Diego Jail while they still had one month to serve on their sentences for second degree burglary.

The only claim presented as a basis for reversing the order involves the initiation of the extradition proceedings. The Extradition Act, Act of July 8, 1941, P. L. 288, 19 P.S. §191.1 et seq., sets out three different ways in which such a proceeding may be commenced. First, §7 establishes the use of the Governor's Warrant. Second, §13, provides for the use of a warrant sworn to by any individual. "Whenever any person within this State shall be charged on the oath of any credible person before any judge or magistrate of this State with the commission of a crime in any other state, and, . . . with having fled from justice or with having been convicted of a crime in that state and having escaped from confinement . . . or whenever complaint shall have been made before any judge or magistrate in this State, setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state . . ., the judge or magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein . . . ."

Third, §14 allows for the arrest of such a person without a warrant. "The arrest of a person may be lawfully made also by any peace officer or a private person without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a judge or magistrate with all practicable speed, and complaint must be made against him under oath setting forth the ground for the arrest . . . ."

It is conceded by the Commonwealth that the provisions of §§13 and 14 were not followed as to the filing of complaint under oath. Nor was there a Governor's Warrant presented prior to the time that the appellants were incarcerated. But the Commonwealth persuasively argues that none of this was necessary in light of the peculiar facts of this case. The trial judge found that "They [appellants] did, however, voluntarily appear for commitment in the Mercer County Jail, requested that bond be set for the release, did not question the arrest at any time by a petition for habeas corpus, as they could have until after the Governor's Warrant was issued, when they voluntarily appeared at the hearing, all with counsel for extradition." It is the view of this Court that these facts clearly present a situation where there was no reason to issue a warrant and swear out a complaint. Such a procedure was unnecessary since the appellants, in effect, had "arrested themselves" by presenting themselves to the court for the purpose of voluntary surrender. What possible purpose could a sworn complaint have served once the appellants voluntarily and with counsel informed the court that they were fugitives from California still under sentence for second degree burglary?

Since we conclude that the requirement of a sworn complaint in either §13 or §14 of the Extradition Act has no applicability when the relator informs the court why he is wanted by another state and voluntarily turns himself over to the authorities, the order of the trial court holding the appellants for the California authorities is affirmed.